| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

| | |
|---|---|
| **BOBIE KENNETH TOWNSEND,** § | |
| § | |
| *Plaintiff*, § | |
| § | |
| *versus* § | |
| § | **CIVIL ACTION NO. 9:24-CV-00217** |
| **COMMISSIONER OF INTERNAL** § | |
| **REVENUE and COMMISSIONER OF** § | |
| **THE SOCIAL SECURITY** § | |
| **ADMINISTRATION,** § | |
| § | |
| *Defendants*. § | |

**MEMORANDUM AND ORDER**
**DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the Honorable Christine L. Stetson, United States Magistrate Judge, to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. Tex. Loc. R. CV-72.

On May 21, 2025, the magistrate judge entered an Order (#53) denying Plaintiff Bobie Kenneth Townsend's Motion to Withdraw Any Alleged Consent for a Magistrate Judge (#51). The magistrate judge reasoned that Townsend had confused the consent needed for a magistrate judge to conduct a jury or nonjury civil trial and enter final judgment with the discretionary authority of this court to refer actions to magistrate judges pursuant to 28 U.S.C. § 636(b)(1) to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters without the consent of the parties.

*See* (#53.)

I.   **Plaintiff Bobie Kenneth Townsend's Objections (#s 54–55) to the Order (#53) are overruled**

On May 23, 2025, Townsend filed Objections (#54) and a Motion for Reconsideration (#55) of the magistrate judge's Order (#53). The court will construe Townsend's motion as additional timely objections to the magistrate judge's order on a non-dispositive matter. *See* FED. R. CIV. P. 72(a) ("A party may serve and file objections to the order [on a non-dispositive matter] within 14 days after being served with a copy."); *see also* E.D. TEX. LOC. R. CV-72(b). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A). "A party may respond to another party's objections within fourteen days after being served with a copy; however, the court need not await the filing of a response before ruling on an objection." E.D. TEX. LOC. R. CV-72(b).

The court has carefully reviewed both the magistrate judge's Order (#53) and Townsend's Objections (#s 54–55), which essentially raise the same fundamental misunderstanding as did his prior motion (#51). The court referred this action to the magistrate judge pursuant to 28 U.S.C. § 636(b)(1) to conduct all pretrial proceedings, to enter findings of fact and *recommend* disposition on case-dispositive matters, and to determine non-dispositive matters. *See* General Order No. 25-03. That decision was vested to the court and did not require Townsend's consent. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. LOC. R. CV-72(d). The court's pretrial referral does not authorize the magistrate judge to make final rulings on dispositive matters, or conduct a jury or nonjury trial. Consequently, there is nothing clearly erroneous or contrary to law about the magistrate judge's order (#53).

**II.     Conclusion and Order**

For the foregoing reasons, Plaintiff Bobie Kenneth Townsend's Objections (#54) are **OVERRULED** and Motion for Reconsideration (#55) is **DENIED**.

SIGNED at Beaumont, Texas, this 29th day of May, 2025.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE