| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| BOBIE KENNETH TOWNSEND, § § **Plaintiff,** § § versus § § COMMISSIONER OF INTERNAL § REVENUE and COMMISSIONER OF § THE SOCIAL SECURITY § ADMINISTRATION, § § **Defendants.** § § | **CIVIL ACTION NO. 9:24-CV-00217** |

**MEMORANDUM AND ORDER ADOPTING THE REPORT
AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the Honorable Christine L. Stetson, United States Magistrate Judge, to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. Tex. Loc. R. CV-72.

On August 6, 2025, Judge Stetson issued a ruling (#89) containing both orders on various motions of Plaintiff's and a report and recommendation recommending that this court deny Plaintiff's motion for a temporary restraining order (#3), deny Plaintiff's first (#10) and second (#17) motions to release his tax lien and levy, and grant in part and deny in part Defendants' motion to dismiss (#27). Both parties filed timely[1] objections to the report and recommendation.

---

[1] Plaintiff filed his objections one day before they were due (#91), but they exceeded the page limit set forth by this court's local rules. E.D. Tex. Loc. R. CV-72(c). The magistrate judge struck those objections and ordered Plaintiff to file corrected objections, with leave for some additional pages, by August 29, 2025 (#98 at 3). Plaintiff complied and filed his objections (#101) on August 27, 2025. Defendants' objections were filed by the Government on August 20, 2025 (#97), to which Plaintiff filed a response (#99). Fed. R. Civ. P. 72(b)(2).

1

## I. Applicable Law

Parties who timely file specific, written objections to a magistrate judge's report and recommendation are entitled to a *de novo* determination of findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)–(3). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. "Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

## II. Magistrate Judge Stetson's Report and Recommendation

In the Report and Recommendation, Judge Stetson noted that "[t]his case is messy" given the record and that Plaintiff is proceeding *pro se*. (#89 at 19.) Yet she was able to "divine the precise contours" of Plaintiff's claims after reviewing the record and all relevant motions in addition to conducting a hearing with the parties (*id*. at 19, 20). In all, Judge Stetson identified five claims for relief set forth by Plaintiff:

> (1) an order permanently enjoining the [Internal Revenue Service] from levying any, or at least no more than 15%, of [Plaintiff's] Social Security benefits for violating 42 U.S.C. § 407(a) and 26 U.S.C. § 6331(h);
>
> (2) an order setting aside the assessment, lien, and levy because the IRS did not mail him the statutory notice of deficiency to raise a preassessment challenge to the proposed tax liabilities as required by 26 U.S.C. §§ 6212(a) and 6213(a);
>
> (3) mandamus relief ordering the IRS to send the Notice of Levy to the [Social Security Administration] by electronic transmission, rather than by mail, in further violation of the alleged 15% cap on his Social Security benefits;

(4) an order invalidating the IRS's lien because it was not certified as required by 26 U.S.C. § 6065; and

(5) an array of claims brought pursuant to the United States Criminal Code, the Texas Penal Code, and 26 U.S.C. § 7214.

(#89 at 20–21 (referencing #s1; 9; 29; 36; 82).) The Report recommended that Claims 4 and 5 be dismissed without prejudice for lack of subject-matter jurisdiction. FED. R. CIV. P. 12(h)(3) (#89 at 24–25.). Similarly, it recommended that Claims 1 and 3 be dismissed for lack of subject-matter jurisdiction under the Anti-Injunction Act (AIA), 26 U.S.C. § 7421(a). (#89 at 37.) As to Claim 2, however, Judge Stetson recommended that Defendants' motion to dismiss be denied in part because Plaintiff had plausibly alleged a claim for injunctive relief under 26 U.S.C. § 6213(a), which met an exception to the AIA's jurisdictional bar. (#89 at 39–40.) Denial in part was recommended because Plaintiff could only establish standing against the IRS's Commissioner, not the SSA's. (#89 at 42.) Regarding Plaintiff's motions to release his tax levy and motion for a temporary restraining order (TRO), Judge Stetson recommended denial because Plaintiff did not demonstrate a likelihood of success on the merits. (#89 at 43.)

### III. Plaintiff's Objections

Plaintiff "claims a running objection" to all parts of the Report except for the recommendation that his § 6213(a) claim survives Defendants' motion to dismiss. *See* (#101 at 1–2). These running objections repeat throughout Plaintiff's filing and claim Judge Stetson improperly engaged in "speculation," injected her "personal opinion and beliefs" into the Report, violated the Best Evidence Rule, and subjected Plaintiff to unfair prejudice. *See generally* (#101). Plaintiff also questions why Judge Stetson seems to "read between the lines of [the] statute[s]" at hand. (#101 at 3.) Applying binding precedent is not "reading in between

the lines;" it is in fact the court's "duty" to expound upon the meaning of the laws. *See Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 177 (1803). The court finds these objections meritless. Furthermore, it need not even consider them as they are "frivolous, conclusive, [and] general." *Nettles*, 677 F.2d at 410 n.8.

Insofar as Plaintiff levies any specific objections, he takes issue with Judge Stetson's recommendation that most of his claims fail due to lack of subject-matter jurisdiction. (#101 at 12, 13–15.) Rather than provide a possible waiver of sovereign immunity as he needed to, Plaintiff instead reiterates the conclusory claims from his motions that his suit is not barred by sovereign immunity because of general jurisdictional statutes and the Administrative Procedure Act. (#101 at 14–15.) These objections fail because simply reasserting the arguments made to the magistrate judge is "no better than a complete failure to object." *SciCo Tec GmbH v. Bos. Sci. Corp.*, 599 F.Supp.2d 741, 743 (E.D. Tex. 2009). *See also, e.g.*, *Durkee v. C.H. Robinson Worldwide, Inc.*, 765 F.Supp.2d 742, 747 (W.D.N.C. 2011) ("[M]erely reiterating the same arguments made in the pleading submitted to the Magistrate Judge does not warrant *de novo* review."), *aff'd sub nom. Durkee v. Geologic Sols., Inc.*, 502 F. App'x 326 (4th Cir. 2013), *cert. denied*, 571 U.S. 884. Plaintiff's objections are overruled.

### IV. The Government's Objections

The Government objects to the Report "to the extent it does not recommend granting the [Defendants'] motion to dismiss completely." (#97 at 2.) Specifically, the Government objects to the recommendation that Plaintiff plausibly stated a § 6213(a) claim against the IRS Commissioner because the Government disagrees with Judge Stetson's interpretation of the evidence that was considered in assessing if a § 6213(a) claim was alleged. (#97 at 2–4, 5–7.) The Government also objects to this recommendation because Plaintiff does not himself explicitly

4

reference § 6213(a) in his pleadings or filings. (#97 at 2 & n.2.) Accordingly, this court will review *de novo* whether Plaintiff has raised a § 6213(a) claim.

**V. Discussion**

The court has reviewed the unobjected-to parts of Judge Stetson's report, the relevant motions and responses thereto, the record from the hearing, and all applicable laws, and does not find that the recommendations to dismiss Claims 1, 3, 4, and 5; to deny the motions to release the tax levies; and to deny the TRO are "clearly erroneous" or "contrary to law." FED. R. CIV. P. 72(a). Similarly, the recommendation that Claim 2 (the § 6213(a) claim) is dismissed with respect to the SSA Commissioner is legally sound. The Report is adopted to that extent.

*A. Plaintiff's § 6213(a) Claim*

The court now reviews *de novo* Plaintiff's § 6213(a) claim against the IRS Commissioner. The issues of whether Plaintiff even raised § 6213(a) and whether the claim survives the motion to dismiss resolve interdependently. The court will analyze them in conjunction.

Defendants moved to dismiss Plaintiff's claims for injunctive relief under Rule 12(b)(1), asserting that the AIA precluded subject-matter jurisdiction in this case because Plaintiff had not pointed to any waiver of sovereign immunity. (#27 at 4–9.) The Report found that Plaintiff had identified such a waiver, namely: § 6213(a). (#89 at 38.)

1. Legal Standard

A motion to dismiss under Rule 12(b)(1) challenges whether a court has subject-matter jurisdiction over an action. FED. R. CIV. P. 12(b)(1). Federal courts "must dismiss" any action that they lack subject-matter jurisdiction over. FED. R. CIV. P. 12(h)(3); *see also Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021). "Jurisdiction is the power to declare law;" so, "[w]ithout jurisdiction the court cannot proceed at all." *Ex Parte McCardle*, 74 U.S. 506, 514

(1868). Thus, motions under Rule 12(b)(1) attack "the court's 'very power to hear the case.'" *MDPhysicians & Assocs., Inc. v. State Bd. of Ins.*, 957 F.2d 178, 181 (5th Cir. 1992).

When jurisdiction is challenged, the "party asserting jurisdiction" bears the burden of establishing it. *Laufer v. Mann Hosp., L.L.C.*, 996 F.3d 269, 271 (5th Cir. 2021). But "[a]t the pleading stage," the burden is simply "to allege a plausible set of facts establishing jurisdiction." *Id*. In reviewing whether this burden is met, courts may consider "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Additionally, courts "take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

"Sovereign immunity under the Eleventh Amendment" is one bar to jurisdiction that "precludes suits by private citizens against states in federal court." *Tawakkol v. Vasquez*, 87 F.4th 715, 718 (5th Cir. 2023). Its protections extend to "claims against officers of the United States in their official capacities." *Danos v. Jones*, 652 F.3d 577, 581 (5th Cir. 2011). "A federal court has no subject-matter jurisdiction over claims against the United States unless the government waives its sovereign immunity and consents to suit." *Id*. But given separation-of-powers concerns, courts are hesitant to find such a waiver unless it is "unmistakably clear in the language of the statute." *Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*, 601 U.S. 42, 48 (2024). One way Congress "unmistakably" waives sovereign immunity is by "expressly authoriz[ing] suits against sovereigns in service of enforcing statutory requirements," even when those statutes do not "expressly" mention sovereign immunity. *Fin. Oversight & Mgmt. Bd. for P.R. v. Centro de Periodismo Investigativo, Inc.*, 598 U.S. 339, 347–48 (2023).

6

The AIA provides further immunity from suit for the sovereign "by barring litigation to enjoin or otherwise obstruct the collection of taxes." *NFIB v. Sebelius*, 567 U.S. 519, 543 (2012); *see also* 26 U.S.C. § 7421(a) (providing that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person"). Still, there are "limited exceptions" that overcome the AIA's jurisdictional bar. *Franklin v. United States*, 49 F.4th 429, 434 (5th Cir. 2022). One, of course, is § 6213(a). *Keado v. United States*, 853 F.2d 1209, 1212 (5th Cir. 1988) ("Section 6213(a) is thus an exception to the general bar on suits to restrain assessment or collection of taxes.").

### 2. Analysis

Plaintiff's suit is certainly aimed at "enjoin[ing] or otherwise obstruct[ing] the collection of taxes." § 7421(a). It is also brought against officers of the United States in their official capacities. Jurisdiction is thus precluded by sovereign immunity under the AIA. Plaintiff must identify an "unequivocal waiver" of this immunity for his suit to survive the Government's 12(b)(1) motion. *Franklin*, 49 F.4th at 434. Plaintiff has done so.

The AIA provides sovereign immunity "[e]xcept as provided in section[] . . . 6213(a)." § 7421(a). Under § 6213(a), tax levies "may be enjoined by a proceeding in the proper court" if the taxpayer has not received a "notice of deficiency" from the IRS because "no levy or proceeding in court for [the] collection [of delinquent taxes] shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer." To be sure, § 6213(a) is unequivocally a waiver of the AIA's immunity protections because the statute expressly provides that it is effective "[n]otwithstanding the provisions of section 7421(a)" (the AIA). *Cf. Dep't of Agric. Rural Dev. Rural Hous. Serv.*, 601 U.S. at 49–50 (discussing how Congress may waive sovereign immunity "'when a statute creates a cause of action' and explicitly 'authorizes suit

7

against a government on that claim,'" even if the statute "may not discuss sovereign immunity in so many words"). Other courts have construed § 6213(a) and the AIA in this way. *Keado*, 853 F.2d at 1212; *Jensen v. IRS*, 835 F.2d 196, 198 (9th Cir. 1987); *Phila. & Reading Corp. v. Beck*, 676 F.2d 1159, 1163 (7th Cir. 1982).

Plaintiff had the burden to point to § 6213(a). As noted above, the Government argues that he has not met this burden because he did not explicitly cite it in his filings.[2] (#97 at 2 & n.2.) But Plaintiff need only "allege a plausible set of facts establishing jurisdiction." *Laufer*, 996 F.3d at 271. Also, at this stage the court is to view his allegations in the "most favorable" light. *Lane*, 529 F.3d at 557. Furthermore, since he is proceeding *pro se*, Plaintiff enjoys the benefit of "liberal construction." *Toole v. Peak*, 361 F. App'x 621, 621 (5th Cir. 2010) (per curiam). His filings "must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976).

Upon reviewing "the complaint supplemented by undisputed facts evidenced in the record," the court finds that Plaintiff has sufficiently alleged "a plausible set of facts establishing jurisdiction." *Ramming*, 281 F.3d at 161; *Laufer*, 996 F.3d at 271. Plaintiff maintains that he "never received" any notice of deficiency "for taxable years 1993 through 2017." (#s1 at 13–14; 9 at 5, 32, 36, 39; 82 at 7:8–21, 8:19–21, 58:7–8; 99 at 4–6.) But the IRS has been levying his income, so if they did not provide a notice of deficiency to him before they began doing so, Plaintiff would be permitted to seek an injunction in this court under the AIA. § 7421(a); *Jensen*, 835 F.2d at 198.

---

[2.] The Government asserts in its objections that Plaintiff did not cite § 6213 in his Amended Complaint. In support of this assertion, the Government provided a list of all the statutes it claims that Plaintiff *did* cite as support, which does not include § 6213. (#97 at 2 n.2.) But the Government's footnote omits that Plaintiff cited § 6212, which governs notices of deficiencies and references the mailing requirement set out in § 6213. *See* 26 U.S.C. § 6212(c); (#9 at 39).

8

Of course, even with Plaintiff's benefit of liberal construction, the court need only entertain "plausible" facts alleging jurisdiction. *Laufer*, 996 F.3d at 271. In the court's view, Plaintiff's assertion that he never received a notice of deficiency is plausible. Not only has he maintained that allegation for the duration of this action but also he offered evidence prior to the hearing from the United States Tax Court where the IRS itself claimed that no "notice of deficiency . . . has been sent to [Plaintiff] with respect to taxable year 2018." (#29 at 42.) The Government claims that this does not preclude the possibility that a notice of deficiency was mailed to Plaintiff during any other relevant years. (#97 at 7.) But the Government does not provide any evidence supporting an inference that any notices of deficiency were mailed in those years. Plaintiff, on the other hand, provided sworn testimony as well as both the IRS's motion and the Tax Court's order finding that the IRS did not make "any other determination[3] with respect to tax years 2004, 2008, 2009, 2010, 2011, and 2018 that would confer jurisdiction" in the Tax Court. (#1-1 at 19.)

Under § 6213, however, a notice of deficiency need only be "mailed" to the taxpayer, not actually received by them. *See Keado*, 853 F.2d at 1212–13. In fact, the IRS only has to show that they complied with their own internal mailing procedures to establish the presumption that a notice of deficiency has been mailed to the taxpayer. *Id*. at 1213; *see also, e.g.*, *Bradley v. Comm'r*, T.C.M. (RIA) 2024-007, at *6, 2024 WL 228035, at *3 (T.C. 2024). But the Government has failed to show that the IRS did that. Fatal here is the Government's admission at the evidentiary hearing conducted by Judge Stetson on June 26, 2025. When asked directly

---

[3.] The court reads "any other determination" as distinct from "notice of determination" because the Tax-Court order discusses the two separately. (#s1-1 at 17; 29 at 42–43.) "Any other determination . . . that would confer jurisdiction" must include a notice of deficiency because a notice of deficiency is a determination made by the IRS which, when received by a taxpayer, confers jurisdiction in tax court. The Government's objection as to this reading of the Tax-Court order (#97 at 6–7 & n.6) is overruled.

9

whether the IRS had mailed a notice of deficiency to Plaintiff, counsel for the Government responded: "I have no evidence to confess that either way at the moment." (#82 at 12:25–13:1.)

As a last-ditch effort, the Government appended "Exhibit A" to their objections, claiming that it would establish that Plaintiff received a notice of deficiency. (#97 at 7.) But the court declines to consider this new evidence. Although litigants "may submit additional evidence for the district court's *de novo* review" of a magistrate judge's report, it is wholly within the district judge's discretion "to determine whether, in light of all pertinent circumstances, the new evidence should be accepted." *Davis v. Fernandez*, 798 F.3d 290, 292 (5th Cir. 2015). In the court's view, the "pertinent circumstances" here—the Government's ill-prepared showing at the hearing and Plaintiff's consistent claim that he never received a notice of deficiency—do not warrant consideration of this new evidence.[4] *Id*.

Plaintiff's allegation that he did not receive a notice of deficiency before the IRS began levying his wages is well-pleaded. Such an allegation meets the explicit § 6213(a) exception to the AIA, and the Government has not provided any evidence suggesting the contrary. Plaintiff's § 6213(a) claim has been "brought in exact compliance with the terms of a statute under which the sovereign has consented to be sued." *Franklin*, 49 F.4th at 434. The Government's motion to dismiss under 12(b)(1) fails with respect to Plaintiff's § 6213(a) claim against the IRS Commissioner. The recommendation of the magistrate judge is adopted.

---

[4.] Furthermore, it is unclear whether this new evidence would even establish the presumption that a notice of deficiency was mailed to Plaintiff. The *Bradley* tax-court case discusses the types of evidence that do give rise to this presumption, see 2024 WL 228035, at *4, but none of that evidence is provided in the Government's "Exhibit A." Notably, it seems that the mere existence of a "Form 3877" easily meets § 6213's "mailed" requirement, see *Keado*, 853 F.2d at 1213, but the Government's Exhibit A only provides Forms 668-A, 668-W, and 433-A. *See generally* (#97-1 at 1–46). It also provides no mailing list, postal service receipts, or affidavits claiming that a notice of deficiency was mailed. The only plausible conclusion on this record is that Plaintiff did not receive a notice of deficiency as was required before the Government could levy his income.

*B. Leave to Amend*

Judge Stetson's report also recommended that, if this court adopted the recommendations discussed above, Plaintiff be allowed 14 days from the date of this order to file a renewed motion for leave to file a second amended complaint.  (#89 at 45.)  The Government objected to this recommendation because they claim that leave to amend would be futile.  (#97 at 4–5.)  For now, this court expresses no view on the prospect of another potential amended complaint from Plaintiff.  But, given the convoluted record—and that most claims are now dismissed—the court understands why it might be beneficial for Plaintiff to refile a complaint that is limited to only his § 6213(a) claim against the IRS Commissioner.  *See* (#98 at 45–46).  The Government can raise its new argument about the futility of amendment if such a motion is filed.  Thus, Plaintiff may file a renewed motion for leave within 14 days from the date of this order, if he desires.

**VI. Order**

The Report and Recommendation (#89) of the magistrate judge is therefore **ADOPTED**.  The Government's objections (#97) and Plaintiff's objections (#101) are **OVERRULED**.  Accordingly, Plaintiff's motion for a TRO (#3) as well as his first (#10) and second (#17) motions to release his tax levies are **DENIED**.  The Government's motion to dismiss (#27) is **GRANTED in part** and **DENIED in part**.  All of Plaintiff's claims are hereby **DISMISSED**, except for his § 6213(a) claim against the Commissioner of Internal Revenue.

**IT IS SO ORDERED**.

SIGNED at Beaumont, Texas, this 9th day of September, 2025.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE