| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | | |
|---|---|---|
| BOBIE KENNETH TOWNSEND, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| versus | § | **CIVIL ACTION NO. 9:24-CV-00217** |
| | § | |
| COMMISSIONER OF INTERNAL | § | |
| REVENUE and COMMISSIONER OF | § | |
| THE SOCIAL SECURITY | § | |
| ADMINISTRATION, | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## MEMORANDUM AND ORDER

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the Honorable Christine L. Stetson, United States Magistrate Judge, to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. LOC. R. CV-72.

On September 9, 2025, this court adopted (#104) Judge Stetson's Report and Recommendation (#89) and denied *pro se* Plaintiff Bobie Kenneth Townsend's motion for a temporary restraining order (#3) as well as his first (#10) and second (#17) motions to release his tax levies, and granted in part and denied in part the Government's motion to dismiss (#27). Only Plaintiff's claim under 26 U.S.C. § 6213(a) against the Commissioner of Internal Revenue remains (#104). On September 19, 2025, Plaintiff filed a Motion to Reconsider (#108) the order. The Government responded (#113) on September 23, and Plaintiff filed a motion for leave to file a reply (#116) and accompanying reply (#117) on September 30, 2025.

## I. Applicable Law

"[T]he Federal Rules of Civil Procedure do not provide for a motion for reconsideration." *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). Under this district's Local Rule CV-7(a)(4), however, litigants may ask the court to "reconsider" its prior orders. Motions for reconsideration of "any order or other decision that does not end the action" are analyzed under Federal Rule of Civil Procedure 54(b). *McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018) (referencing *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336–37 (5th Cir. 2017)). This approach is "flexible" and allows the "district court to afford such relief from interlocutory judgments as justice requires" without the "heightened standards for reconsideration governing final orders." *Austin*, 864 F.3d at 337. Further, "the trial court is free to reconsider and reverse [or affirm] its decision for any reason it deems sufficient." *Id*. at 336.

## II. Discussion

### A. Plaintiff's Motion for Leave to File a Reply (#116)

This district permits reply briefs. E.D. Tex. Loc. R. CV-7(f). Plaintiff does not need leave to reply unless he seeks to file a reply past the deadline or a reply exceeding the page limit. His reply here is five pages, and thus permissible. His motion for leave (#116) is therefore **DENIED as moot**.

### B. Plaintiff's Request for Reconsideration

Plaintiff's motion "asks for reconsideration [of the] Magistrate Judge's R&R" on multiple points (#108 at 2, ¶3). Many of the arguments he makes regarding what he perceives to be errors in Judge Stetson's Report and Recommendation simply rehash the arguments he made in his first objections. Since re-raising the same arguments is "no better than a complete failure to object," Plaintiff offers no grounds to disturb the court's previous adoption of Judge Stetson's

Report and Recommendation. *SciCo Tec GmbH v. Bos. Sci. Corp.*, 599 F.Supp.2d 741, 743 (E.D. Tex. 2009). The court remains satisfied with its previous order.

This leaves Plaintiff's request for the court to reconsider his "issue concerning 26 U.S.C. [§] 6331(h) in the most favorable light of the mandates of the United States Supreme Court" (#108 at 3). Both this court and Judge Stetson have treated Plaintiff's claims most favorably (#s104 at 6; 89 at 12). Plaintiff's task was to identify a waiver of sovereign immunity for each of his claims. He failed to do for his § 6331(h) claim (#s104 at 3–5; 89 at 34–36). He now cites "mandates of the United States Supreme Court" which he says prove this court erred in denying that claim, but the four cases he references involve statutory construction of imposts and taxes. *See Am. Net & Twine Co. v. Worthington*, 141 U.S. 468, 474 (1891); *Benzinger v. United States*, 192 U.S. 38, 54 (1904); *Spreckels Sugar Refin. Co. v. McClain*, 192 U.S. 397, 408 (1904); *Gould v. Gould*, 245 U.S. 151, 153 (1917). Plaintiff also points to three other cases (which he has continually cited throughout this litigation), but those cases do not involve waivers of sovereign immunity for § 6331(h). *See Chrysler Corp. v. Brown*, 441 U.S. 281, 317–319 (1979) (Waivers under Freedom of Information Act, Trade Secrets Act, and Administrative Procedure Act); *Comm'r v. Shapiro et ux.*, 424 U.S. 614, 623–29 (1976) (Waiver under 26 U.S.C. § 6861); *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412 (2024) (holding that courts must not defer to executive-branch agencies "in deciding whether an agency has acted within its statutory authority" under the APA and overruling *Chevron v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984)). In short, this court got it right the first time.

**III. Order**

Pursuant to the above, Plaintiff's motion for reconsideration (#108) is **DENIED**, and his

motion for leave to file a reply (#116) is **DENIED as moot**.

SIGNED at Beaumont, Texas, this 26th day of November, 2025.

_Marcia A. Crone_
_____

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE