**UNITED STATES DISTRICT COURT** **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **BOBIE KENNETH TOWNSEND,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **versus** | § | **CIVIL ACTION NO. 9:24-CV-00217** |
| | § | |
| **COMMISSIONER OF INTERNAL REVENUE,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

**MEMORANDUM AND ORDER ADOPTING, IN PART, THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the Honorable Christine L. Stetson, United States Magistrate Judge, to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. LOC. R. CV-72.

I. Background

On April 2, 2026, Judge Stetson issued a Report and Recommendation (#169) advising the court to deny the motions for summary judgment filed by Defendant Commissioner of Internal Revenue (#134) and *pro se* Plaintiff Bobie Kenneth Townsend (#138). The motions sought summary judgment on Plaintiff's sole remaining cause of action—his claim for injunctive relief under 26 U.S.C. § 6213—but Judge Stetson found that both parties' evidence failed to satisfy their respective burdens of proof. *See* (#169 at 7–10). Plaintiff filed objections (#176) to the Report and Recommendation on April 13, 2026, and Defendant filed objections (#180) on April 14, 2026. Additionally, since the Report and Recommendation was issued, both parties

have submitted numerous filings, including motions (#s170, 171, 172), but this memorandum and order does not concern those matters.

## II. Applicable Law

Parties who timely file specific, written objections to a magistrate judge's report and recommendation are entitled to a *de novo* determination of findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)–(3). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. "Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

## III. Analysis

### A. Plaintiff's Objections

Plaintiff requests reconsideration of Judge Stetson's order denying his motions to compel[1] and asserts that the Report and Recommendation was premature.[2] *See* (#176 at 2–6). Upon review, the court concludes that Judge Stetson's order (#168) was neither clearly erroneous nor contrary to law, *see* 28 U.S.C. § 636(b)(1)(A), and therefore **OVERRULES** Plaintiff's first objection. As to Plaintiff's argument for deferred ruling under Federal Rule of Civil Procedure

[1] Plaintiff filed a separate "objection" to that order as well. *See* (#175). He also submitted a declaration averring what additional discovery he needed, *see* (#177), but none of it would be relevant to his remaining claim.

[2] Plaintiff also asks that the court deny Defendant's motion for summary judgment, but that is a frivolous objection because the Report and Recommendation already suggests the same.

56(d), this objection is **OVERRULED** because Plaintiff did not raise Rule 56(d) in his motion (#138) or response (#136) to Defendant's motion and, moreover, because additional discovery would not change the outcome of this action, *see supra* note 1; *infra* section III.C.

B. Defendant's Objections

Defendant asserts that Judge Stetson improperly weighed his summary-judgment evidence and erred in concluding that said evidence did not satisfy his burden of proof.[3]

1. Weighing of evidence

Defendant's first objection is **OVERRULED**. Judge Stetson neither assigned weight to nor made any credibility determinations about the evidence in her Report and Recommendation; she properly "view[ed] the evidence presented through the prism of the substantive evidentiary burden" and decided that Defendant had not "proved his case by the quality and quantity of evidence required by the governing law," which is the court's role under Rule 56. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986); *see, e.g.*, *Wiley v. United States*, 20 F.3d 222, 228–29 (6th Cir. 1994).

2. Sufficiency of evidence

"The Government bears the burden of proving that the IRS properly mailed a [notice of deficiency] 'by competent and persuasive evidence.'" *United States v. Meyer*, 914 F.3d 592, 594 (8th Cir. 2019) (quoting *Welch v. United States*, 678 F.3d 1371, 1378 (Fed. Cir. 2012)). "It is entitled to a rebuttable presumption of proper mailing if it '(a) shows that the notice of deficiency existed and (b) produces a properly completed Postal Form 3877 certified mail log

[3] The court will not entertain Defendant's objection to a footnote in which Judge Stetson suggested that an unredacted piece of evidence could have been filed under seal—but, given the importance of the Postal Form 3877 to this matter, a plain reading of the relevant statute and caselaw interpreting it certainly discredits Defendant's position on that immaterial point.

(or equivalent).'" *Id.* (quoting *O'Rourke v. United States*, 587 F.3d 537, 540 (2d Cir. 2009) (per curiam)). In the absence of both, "[t]he Government may also meet its burden with evidence that is 'otherwise sufficient.'" *Id.* (quoting *O'Rourke*, 587 F.3d at 540); *accord Keado v. United States*, 853 F.2d 1209, 1214 (5th Cir. 1988) ("[F]ailure to comply precisely with each aspect of each procedure is irrelevant if the evidence adduced is sufficient to prove mailing.").

Here, Defendant offers (1) a partially redacted scan of a Postal Form 3877, (2) an alleged copy of the notice of deficiency that he claims was sent to Plaintiff, and (3) the declaration of IRS employee Jeffrey M. Halasz, "a Tax Examining Technician in Oklahoma City, Oklahoma." *See* (#134-1).[4] The Postal Form 3877 is, by Defendant's own admission, "not [] perfect." (#139 at 1). Indeed, as Plaintiff points out (#136 at 3), there are "several irregularities in the PS Form 3877" that "might indicate its lack of trustworthiness." *Wiley*, 20 F.3d at 228 n.3; *see also* (#169 at 7). The provided form (#134-1 at 5) does support a finding that the IRS mailed "*a* statutory notice" to Plaintiff on or around May 28, 2014. *Welch*, 678 F.3d at 1381. But the alleged notice bears neither a date corroborating the Form 3877 nor the date of Plaintiff's deadline to file a petition with the Tax Court.[5] *See* (#134-1 at 5). Thus, with "no way to cross-reference" what Defendant mailed to Plaintiff on May 28, 2014, Defendant is not entitled to the presumption of proper mailing. *Welch*, 678 F.3d at 1381.

Mr. Halasz's declaration (#134-1 at 1–3) attempts to offer "sufficient" alternative evidence of mailing. *Keado*, 853 F.2d at 1213. The declaration establishes only, by habit evidence, that a Form 3877 was filled out and that *a* notice was sent to Plaintiff in May 2014.

[4] Defendant's evidence violates Eastern District of Texas Local Rule CV-7(a) because it is not in "*searchable* PDF" format, which is certainly "possible" with regard to at least Mr. Halasz's declaration.

[5] After assessing the applicable law and conducting a *de novo* review of the briefing and evidence, this court agrees with Judge Stetson's determination that the absence of dates in the alleged notice of deficiency is essentially "fatal" to its evidentiary value. *See* (#169 at 7 & n.6).

Defendant's Postal Form already establishes that, however. Mr. Halasz's declaration corroborates only the defective form—it does not cross-reference anything on the alleged notice. That does not satisfy Defendant's burden.

Defendant's reliance on *Keado* is to no avail. He downplays the evidentiary importance of the "Receipt for Certified Mail" in *Keado*, *see* 853 F.2d at 1213, which contained a certified mailing number that "cross-reference[d]" the number in the Postal Form 3877, thereby constituting "otherwise sufficient" evidence of mailing. *Welch*, 678 F.3d at 1379–81. To be sure, Mr. Halasz's declaration is not as detailed as, nor does it explain as much of the mailing procedure as, the declaration in *Keado*. *See* 853 F.2d at 1213 (explaining "the steps involved in the mailing, including signing the notice, date stamping all copies, completing Post Office Forms 3800 and 3877–A, and taking the Post Office Forms and the envelope containing the deficiency notice to the Post Office for stamping and mailing"). Further, the declaration in *Keado* stated that Postal Form 3877s are the "*exclusive*[]" form used for corroborating notices of deficiencies, *id.*, but according to Mr. Halasz, the forms are only "typically" used for such purposes (#134-1 at 2). As Judge Stetson concluded, Mr. Halasz's declaration cannot prove what occurred "during the relevant time at the relevant office" (#169 at 7 n.6). At bottom, because no evidence corroborates whether "the notice of deficiency existed," and as the provided copy bears no dates, Defendant cannot meet the burden that would entitle him to summary judgment. *Meyer*, 914 F.3d at 594 (quoting *O'Rourke*, 587 F.3d at 540). Therefore, Defendant's second objection is **OVERRULED** and the Report and Recommendation's findings are **ADOPTED**.

C. Relief

The Report and Recommendation did not touch on Plaintiff's requested relief. At this juncture, with trial looming, the relief must be addressed because Plaintiff seeks an injunction,

"an equitable remedy" for which the Constitution "do[es] not require a jury trial." *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311 (1982); *Tull v. United States*, 481 U.S. 412, 417 (1987). Indeed, if a notice of deficiency is not sent to the taxpayer, any "assessment or . . . levy" made before it was sent "*may* be enjoined by a proceeding in the proper court." 26 U.S.C. § 6213(a) (emphasis added). This language "invokes the discretion that courts have traditionally exercised when faced with requests for equitable relief." *In re Abbott*, 117 F.4th 729, 738 (5th Cir. 2024). Accordingly, Plaintiff's entitlement to relief is "a matter resting in the sound discretion of the [c]ourt." 2 JOSEPH STORY, COMMENTARIES ON EQUITY JURISPRUDENCE 199 (4th ed. 1846).

"The courts are divided as to whether the taxpayer seeking the injunction must show only that the Government has failed to provide notice, or whether the taxpayer also must show the traditional equitable factors of irreparable injury and no adequate remedy at law." 14 *Wright & Miller's Federal Practice & Procedure Jurisdiction* § 3656 (Westlaw, 4th ed. Apr. 2026 update). The Tenth Circuit has held that a taxpayer is entitled to an injunction once he shows that a notice was not mailed. *See Guthrie v. Sawyer*, 970 F.2d 733, 736 (10th Cir. 1992). In *Keado*, the Fifth Circuit passed upon this issue "without taking position." *Id.*; *see* 853 F.2d at 1214 n.13. Later, however, the Fifth Circuit announced that, "[w]hen a notice of deficiency is defective within the meaning of section 6213(a), a court of equity is empowered in its discretion to enjoin the assessment and collection of a tax liability." *Jones v. United States*, 889 F.2d 1448, 1450 (5th Cir. 1989). Thus, in *Jones*, the Fifth Circuit seemingly followed the Ninth Circuit in "reject[ing] the argument that proof of an improper assessment mandates injunctive relief." *Perlowin v. Sassi*, 711 F.2d 910, 912 (9th Cir. 1983) (citing *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 313 (9th Cir. 1982)); *see also Phila. & Reading Corp. v. Beck*, 676 F.2d 1159, 1163 (7th Cir. 1982) ("While Section 6213(a) authorizes the issuance of an injunction to restrain

collection of the tax predicated upon illegal assessment, the district court in its discretion may decide that injunctive relief is unjustified because the taxpayer has failed to show irreparable harm or the inadequacy of legal remedies."); *Lovell v. United States*, 795 F.2d 976, 977 (11th Cir. 1986) (holding that taxpayers who "qualify under an exception to" the Anti-Injunction Act must "also satisfy traditional standards for equitable relief"). Accordingly, the court alone decides if an injunction is due to Plaintiff—and the mailing is of no matter because "no right to a jury trial is established simply because a fact issue exists." *Texas v. Ysleta del Sur Pueblo*, 369 F.Supp.3d 760, 768 (W.D. Tex. 2019).

"[T]he basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies." *Weinberger*, 456 U.S. at 312; *see Hecht Co. v. Bowles*, 321 U.S. 321, 329 (1944) ("The essence of equity jurisdiction has been the power of the Chancellor to do equity and to mould each decree to the necessities of the particular case."). Here, Plaintiff is not entitled to an injunction affecting the Internal Revenue Service's ability to collect revenue via the levy on his social security benefits, even assuming that Defendant never mailed him a notice of deficiency for taxable years 2010 and 2011.[6] *First*, Plaintiff is not without remedy. Although deprived of a ticket to tax court, *see Guthrie*, 970 F.2d at 736, he can "pay the tax in full[] and then sue for a refund." *Jones*, 889 F.2d at 1450; *see also Wells v. Campbell*, 113 F.Supp. 928, 929 (N.D. Tex. 1953). *Second*, Plaintiff faces no irreparable injury.

[6] The court's choice to address, somewhat *sua sponte*, Plaintiff's entitlement to an injunction does not deprive Plaintiff of his day in court because the court, as factfinder, will assume that Defendant did not prove that he mailed the notice of deficiency and fashion a remedy based upon that assumption. Plaintiff has "come forward with all of [the] evidence" in his possession (which is scattered around the record in his numerous filings), that the court needs to determine a remedy. *Cf. Love v. Nat'l Med. Enters.*, 230 F.3d 765, 770 (5th Cir. 2000); *Exxon Corp. v. St. Paul Fire & Marine Ins. Co.*, 129 F.3d 781, 786–87 (5th Cir. 1997); *cf also Goldston v. City of Monroe*, 621 F.App'x 274, 276–77 (5th Cir. 2015). Separately, the court's ability to issue an injunction is limited by the other avenues open to Defendant to establish mailing because it is not "clear that under no circumstances could the Government ultimately prevail." *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962).

Injunctions like the one contemplated here are seemingly reserved for cases where the taxpayer faces the loss of "her homestead." *Stroman v. McCanless*, 391 F.Supp. 1344, 1349 (N.D. Tex. 1975); *see also Regents of Univ. Sys. of Ga. v. Page*, 81 F.2d 577, 581 (5th Cir. 1936) ("[T]he appellant is entitled to equitable relief by injunction to prevent the threatened sale of its property for a tax it does not owe or for a debt which it disputes and has never had an opportunity to deny in court."); *cf. Taylor v. Secor*, 92 U.S. (2 Otto) 575, 614 (1875) ("No court of equity will, therefore, allow its injunction to issue to restrain their action, except where it may be necessary to protect the citizen whose property is taxed, and he has no adequate remedy by the ordinary processes of the law."); *Weinberger*, 456 U.S. at 312 ("An injunction should issue only where the intervention of a court of equity 'is essential in order effectually to protect property rights against injuries otherwise irremediable.'" (quoting *Cavanaugh v. Looney*, 248 U.S. 453, 456 (1919))). Contrariwise, "allegations that [taxpayers] will be reduced to paupers is not enough;" "financial hardship [is] insufficient to support a finding of irreparable harm." *Tollerson v. Comm'r*, No. 91-CV-2762, 1993 WL 174884, at *4 (S.D. Tex. Mar. 4, 1993), *aff'd sub nom. Tollerson v. Wolfe*, 21 F.3d 1108 (5th Cir. 1994) (unpublished) (dismissing parts of appeal as frivolous); *see also Taylor*, 92 U.S. (2 Otto) at 614 (explaining that "the payment of taxes has to be enforced by summary and stringent means against a reluctant and often adverse sentiment" and that "illegality, hardship, or irregularity" in the imposition of taxes, alone, "will not justify a court of equity to interpose by injunction to stay collection of a tax").

Finally, there is enough evidence in the record to support a finding that Plaintiff owes his taxes. For one, nothing demonstrates that the Internal Revenue Service's assessment (which was made in 2014, *see* (#9 at 89)) of Plaintiff's taxes owed for 2010 and 2011 was "erroneous." *See Cabelka*, 766 F.App'x at 60–61 (citing *Gunkle v. Comm'r*, 753 F.3d 502, 507 (5th Cir. 2014))

(explaining the "legal presumption of validity" regarding tax assessments).[7] For another, even if the court enjoined the Internal Revenue Service from collecting some of Plaintiff's back taxes, nothing suggests that Plaintiff would then begin paying his taxes or filing tax returns, which tips the balance of equities against him. *See Phila. & Reading Corp.*, 676 F.2d at 1163 ("[E]quity does not require the injunction of premature assessments when the taxpayer has no interest in contesting its taxes in the Tax Court and there is no other irreparable hardship caused by a violation of Section 6213(a)."); *see also Taylor*, 92 U.S. (2 Otto) at 616 (adding that, before a court may enjoin taxes, it must consider the "universal rule which requires that he who seeks equity at the hands of the court must first do equity"). It would be inequitable to gift Plaintiff a windfall that deprives the government of duly owed revenue. *Cf. Keado*, 853 F.2d at 1218 (explaining that equitable estoppel does not allow windfalls and stating that "[a]n injunction barring the collection of a tax deficiency exceeding $50,000.00 would certainly constitute a windfall"); *cf. also Tex. Co. v. Miller*, 165 F.2d 111, 114–17 (5th Cir. 1947) (finding that equity could not support "the gratuitous refund of a tax that [was] never paid"). As such, Plaintiff is not entitled to the injunction requested in his remaining claim.[8]

## IV. Order

For the reasons explained above, the Report and Recommendation (#169) is **ADOPTED in part** and both parties' motions for summary judgment (#s134, 138) are **DENIED**. Further,

[7] In the parties' joint pretrial order, Plaintiff alone "does not admit that the assessments were procedurally valid" (#191 at 3), but Plaintiff has explicitly denied challenging any assessment-related issues, *see* (#89 at 26, 40), *R. & R. adopted*, (#104). Regardless, the parties both admit that assessments were issued in 2014 (#191 at 3).

[8] "[W]hile tax results often seem harsh, . . . [o]nce the tax has been assessed and liens attach, much as we would like to relax these stentorian and perduring concepts in the name of equity, the entire tax tower would topple unless we apply with little remorse the . . . jurisprudential tools having terminality as their goal." *United States v. Martin*, 395 F.Supp. 954, 961–62 (S.D.N.Y. 1975) (quoting *Moyer v. Mathas*, 458 F.2d 431, 434–35 (5th Cir. 1972)).

the court concludes that the injunction requested by Plaintiff under 26 U.S.C. § 6213 should not be issued. A final judgment so reflecting will be entered.

**IT IS SO ORDERED**.

SIGNED at Beaumont, Texas, this 5th day of August, 2026.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE